O’Brien, J.
The main point made in support of this appeal is "that the plaintiff brought the action to recover an instalment of his salary, as a salesman in the service of the defendants,'and that upon the trial he was permitted to amend his complaint against the defendants[1] objection, and by the amendment to convert the action into one to recover damages fór a wrongful discharge from the employment provided by the contract. In other words, it is urged by the learned counsel for the defendants that the plaintiff -sued upon one cause of action, and by an erroneous exercise of the power of amendment at the trial recovered upon another and ■different cause of action. If it is true in fact that the complaint was so amended at the trial, against the protest of the defendants, as to work an entire change in the cause of action, the judgment ■ought not to be upheld, as the power of the court to amend pleadings at the trial does not permit the introduction of a new or entirely different cause of action. A careful examination of the record, however, fails to show that such a proceeding as the defendants rely upon in support of the appeal actually took place at the trial. It is incumbent upon a party seeking to reverse a judgment in this court to show that some error of law prejudicial to him was committed on the trial. Every fair intendment and presumption will be made in support of and not against the judgment. This court will not attempt to infer or spell out some error from rulings or proceedings at the trial that are of equivocal meaning or doubtful import, and will not give to a ruling or decision made during the course of the trial a construction different from what was intended by the trial court and understood by counsel on both sides.
The complaint was upon a written agreement made between the plaintiff and defendants, whereby it was stipulated that the plaintiff *245 should enter into the service of the defendants as a salesman and perform service for them in that capacity for one year from ¡November 1, 1887, at a salary of $1,800 per year, payable in monthly payments of $150 per month, besides expenses. It is alleged that the plaintiff performed his part of the contract, but that the defendants have neglected and refused to pay him' his salary due under the contract for the months of June, July and August, 1888, amounting to $450, and that they have also neglected and refused to pay his expenses during the same period amounting to $101. The defendants’ answer admitted the agreement, but alleged that while they were at all times ready and willing to comply with their part of it, the plaintiff for a period of .about three months prior to May 28,1888, disregarded and wholly neglected and failed to perform the terms and conditions thereof upon his part and the directions of the defendants in reference thereto, and then follows this allegation: “ By reason of which failure so to do, the defendants, on or about said 28th day of May, 1888, notified the plaintiff of the breach of the agreement upon his part, and thereafter no service whatever has been ren-. •dered to the defendants by him.” This is not an allegation or ■defence that the defendants had terminated the contract sued upon by a discharge of the plaintiff, but an allegation that the plaintiff had abandoned and failed to perform the agreement. All the ■other allegations of t'he complaint were denied. This condition of the pleadings presented for trial but a' single issue or question of fact, and that was whether the plaintiff had performed his part of the agreement to render services for the defendant as a salesman. There- was ho other issue or question to be tried. The plaintiff produced and put the written agreement in evidence, and testified to what he did under it. ' He also produced and put in evidence numerous letters that passed between the parties from time to time. Two or three of the letters from the defendants to the plaintiff contained complaints as to the manner in which he was performing the contract and as to the results, but none of them contained any explicit notice to the plaintiff of his discharge, or of an intention on the part of the defendants to terminate the contract. The correspondence between the parties was all admissible in evidence under the pleadings as they were originally framed, for the reason that it tended to prove that both parties were acting under the contract and that the plaintiff had not abandoned it as was alleged
It was not admissible oil the part of either party to prove a discharge or termination of the contract, because the plaintiff had not pleaded any such cause of action nor the defendants any such defense. On the trial the plaintiff offered one of these letters in evidence. The defendants’ counsel objected on the ground that the action was brought to recover wages and the letter tended to show a discharge. The court, in- answer to the objections, remarked that he thought the criticism correct but ‘‘ will allow you to amend.” The letter was received and the defendants’ counsel •excepted. ¡Now all that occurred was the receipt of a letter in evidence written by the defendants to the plaintiff. As already *246 observed, it was admissible without any amendment, as a part of the correspondence between the parties, tending to show whether the plaintiff was acting under or had abandoned the contract. The-plaintiff had not asked for leave to amend his complaint and did nothing to indicate that he desired ¡or accepted the privilege of amending and no amendment was actually made. The trial proceeded and no proof was given that was not entirely proper and competent to be given upon the issue made by the original pleadings. At the close of the plaintiff’s case, the defendant’s counsel moved to dismiss the complaint, on the ground that the action was one to recover wages a*nd that the proof showed that, prior to-the period for which the wages were claimed, the plaintiff had been discharged ; that there was a complete failure to prove the; cause of action pleaded and that plaintiff’s only remedy was an. action for damages. Neither party, as we have seen, alleged by pleading that the contract was terminated by a discharge, and the-only point presented by the motion was that the plaintiff, while; attempting to prove his case, had shown the discharge and, therefore, had failed in his action. But this position was wholly' untenable. The plaintiff had given evidence cotiipetent and sufficient, for the consideration of the jury upon the issue originally made,, that is, for the recovery of his salary during the period covered by the complaint, and he had given no evidence whatever upon which he could go to the jury in an action for damages on account of a discharge.
The most that can fairly be claimed is that if either party had. pleaded the discharge of the plaintiff as a cause of action or defense then some of the correspondence which- the plaintiff offered; would have been competent to submit to a jury in support of such an. allegation. There were some ambiguous expressions in the defendants’ letters which taken alone might tend to show that it was the defendants’ intention to terminate the contract. But they were far from conclusive, and when all the letters were read and the acts of the parties during the year considered, it was at best a question for the jury whether the plaintiff had been discharged or not. The letters were all competent in an action for the salary and the fact that they also contained some evidence competent on the question of discharge cannot prejudice the plaintiff, so long as they were not used for any such purpose and nothing was claimed for them on that ground. At the time that the plaintiff rested and the defendants moved for a dismissal of the complaint, the-plaintiff had made out a case for the jury in an action to recover his salary and had made out no other cause of action.
But the plaintiff’s counsel, after the motion to dismiss, asked that the complaint be amended so as to conform to the proof. This motion was wholly unnecessary so far as can now be judged from the record, but as there was no proof in the case upon which a recovery could be-had for damages based"upon a discharge or termination of the contract, or for any other cause except for the salary, an amendment conforming the complaint to the facts proven, could not change the cause of action or substitute in the place of the action for salary a claim for damages as upon a wrongful ter *247 mination of the contract. The court granted the plaintiff’s motion to amend and also gave permission to the defendants to ¡amend the answer if they so desired, and to this ruling the defendants’ counsel excepted. The court then denied the- defendants' motion to dismiss in language quite significant, for it shows that he had no idea that from anything that had yet transpired the form of the action had been changed. The court said: “ There is evidence from which the jury might find that he was ready to render the services, and if they should so find I think he would then be entitled to recover for services, as there is no question of discharge raised by the pleadings.”
The defendants then gave evidence all bearing on the question as to whether the plaintiff performed any services under the contract. When the case was submitted to the jury the learned trial judge was careful to point out the issue in = the case. After calling their attention to the contract upon which the plaintiff brought the action, referring to the plaintiff’s position, he said: 11 He does not set up here that he was discharged and sue' for a breach of that contract; on the contrary he claims that he acted as their servant for a period lasting till the 1st day of September in the following year, and that he has not been paid for the months of June, July and August.” It is perfectly plain from the manner in which the case was submitted to the jury that the court did not understand that any amendment had been made which changed the cause of action. The jury were required to determine the single issue whether the plaintiff had during the months named remained idle or held himself in readiness to render such services as were required of him and to obey the defendants’ orders. The jury were charged : “ That if the plaintiff was at all times ready to do the work that the defendants imposed upon him under his employment, then, though they did not see fit to give him work, and let him remain idle, still he can recover, and strictly as wages.” The verdict which the jury rendered in favor of the plaintiff was for the salary and expenses claimed and the interest thereon. It is plain that the issue made by the original pleadings was the only one tried, the only one ¡submitted to the jury and the only one upon which the judgment was recovered. The ruling of the court conforming the complaint to the proofs did not introduce into the case a new cause of ¡action for damages or any other cause of action except the one originally counted upon. Whatever may have been the effect of granting the request to conform the complaint to the proofs, it was a perfectly harmless proceeding so far as ths defendants are concerned. The court still adhered to the issue made by the original pleadings as if no such motion had been made or granted and for nil practical purposes the case must be treated in the same way as if the motion had been denied. For these reasons the judgment appealed from should be affirmed.
Judgment affirmed, with costs.
All concur, except Gray, J., not voting.

 Affirming 39 St. Rep., 915.